

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

Overruled by H-947
within conflict

July 21, 1972

Honorable Robert S. Calvert          Opinion No. M-1173
Comptroller of Public Accounts
State Finance Building              Re: Construction of Senate
Austin, Texas 78774                      Bill 528, Acts 62nd Leg.,
                                         R.S. 1971, relating to
Dear Mr. Calvert:                        the State Law Library.

Your request for an opinion on the above subject matter asks the following questions:

"(1) Is there pre-existing law for the Law Library Fund to receive a transfer from any source other than the appropriations made to the Supreme Court, Court of Criminal Appeals, and to the Attorney General's office during the current biennium?

"(2) Is the Comptroller legally authorized to make the transfer on the authority of Sec. 3, Art. V, S.B. 11, 62nd Legislature R.S. as amended by S.B. 7, 1st C.S., 62nd Legislature?

"(3) Who are the -- 'responsible officials of the State authorized' -- in the context of the General Provisions Sec. 3 of the S.B. 11 previously cited?"

The transfers inquired about concern the State matching contributions* provided for in Section 3 of Article V of the Current General Appropriations Act. (P.V-3,3794).

*For O.A.S.I. and employees retirement matching contributions for employees of the State Law Library.

-5725-

The State Law Library Board composed of the Chief Justice of the Supreme Court, the Presiding Judge of the Court of Criminal Appeals, and the Attorney General, is created by the provisions of Senate Bill 528, Acts 62nd Leg., R.S. 1971, Ch. 722, p. 2359. Senate Bill 528 also establishes the State Law Library. Section 6 provides:

> "Sec.6. All books, documents, files, records, equipment, and property of all kinds owned and used by the Supreme Court Library, the Court of Criminal Appeals library, and the Attorney General's library are transferred to the State Law Library."

Section 7 provides:

> "Sec. 7. During the biennium ending August 31, 1973, the Comptroller of Public Accounts is hereby authorized and directed to set up an account to be known as the State Law Library Fund and is authorized and directed to transfer into such account from time to time moneys appropriated to the Supreme Court _for the purpose of operating and administering the Supreme Court Library. For the purpose of operating and administering the library for the Court of Criminal Appeals_, the Comptroller is authorized and directed to transfer to such account from time to time such amounts as may be necessary for such court's appropriation _for consumable supplies and materials or other designation for its library purposes. For the purpose of operating and administering the library for the Attorney General_, the Comptroller is authorized and directed to transfer into such account from time to time such amounts as may be necessary from the appropriation to the Attorney General's office _for consumable supplies and materials or other designation for its library purposes._ Such transfers may be made on the direction

of the Chief Justice of the Supreme Court, the Presiding Judge of the Court of Criminal Appeals, and the Attorney General, respectively. <u>Moneys in the State Law Library Fund may be expended by the board or its duly authorized representative for the purpose of maintaining, operating, and keeping up to date the State Law Library.</u> Moneys appropriated for use of the libraries of the Supreme Court, Court of Criminal Appeals, and the Attorney General's office during the present biennium shall not be affected by this Act." ( Emphasis added.)

Section 3 of Article V of the current General Appropriations Act provides:

"Sec. 3. SALARY PAYMENT, WITHHOLDINGS, DEDUCTIONS, AND MATCHING CONTRIBUTIONS. The disbursement of moneys appropriated in this Act for salaries and wages shall be subject to the provisions of Public Law No. 68, Seventy-eighth Congress, known as the Current Tax Payment Act of 1943, and any amendments thereto. The officers and employees of agencies for which appropriations are made in this Act also are authorized to make retirement deductions in accordance with the Teachers Retirement or Employees Retirement or Judiciary Retirement Acts on payroll forms prescribed by the State Comptroller, and the Comptroller is directed to issue warrants accordingly.

"In each instance in which an operating fund or account is created by the provisions of this Act, the responsible officials of the State are authorized to transfer into such operating fund or account sufficient moneys from local funds and Federal grants of funds to pay proportionally the costs of matching State employees retirement contributions, the State's share of Old Age and Survivors Insurance and the proportionate cost of premiums of policies containing

Group Life, Health, Hospital, Surgical, and/or Medical
Expense Insurance for retired employees and officials.
Payment by the State from the designated funds on Group
Insurance policy or policies for retired employees
shall be limited to the amount of payment authorized
for active employees. Notwithstanding any other
provisions of this Act, any department or agency for
which funds in this Act are appropriated shall make
such transfers of funds as are necessary, except from
those funds appropriated for personal services, to pay
premiums for insurance for retired employees and of-
ficials as authorized in this Act."

Prior to the enactment of Senate Bill 528, and pursuant
to the express provisions of Section 3 of Article V, supra,
all matching funds provided for in that Section were payable
out of the general revenue fund as a part of the cost of
operating and administering the three separate libraries. Sub-
sequent to the enactment of Senate Bill 528, these matching con-
tributions are still payable out of the general revenue fund for
the operation of the State Law Library, because the matching
contributions provided for in Section 3 of Article V, supra,
continue to constitute a part of the cost of operating and
administering the library for the Supreme Court, the library
for the Court of Criminal Appeals, and the library for the Attorney
General. The matching contributions out of the general revenue
fund are therefore authorized by the provisions of Section 7 of
Senate Bill 528, supra, and are appropriated for the purpose
of maintaining, operating and keeping up-to-date the State Law
Library.

Your questions are accordingly answered as follows:

(1) Section 7 of Senate Bill 528, Acts 62nd Leg., R.S.
1971, ch. 722, p. 2359, constitutes the pre-existing law for

making transfers of funds appropriated to the Supreme Court for the purpose of operating and administering the Supreme Court Library, of funds appropriated to the Court of Criminal Appeals for the purpose of operating and administering its library, and of funds appropriated to the Attorney General for the purpose of operating and administering its library, including the matching funds appropriated from the general revenue fund by the provisions of Section 3 of Article V of the current General Appropriations Act.

(2) The Comptroller of Public Accounts is authorized to make the transfer on the authority of Section 7 of Senate Bill 528 and Section 3 of Article V of the current General Appropriations Act.

(3) The responsible officials of the State in the instant case are the Comptroller of Public Accounts, the Chief Justice of the Supreme Court, the Presiding Judge of the Court of Criminal Appeals and the Attorney General.

## S U M M A R Y

The State matching contributions for O.A.S.I. and employee's retirement contributions for employees of the State Law Library required to be matched by the provisions of Section 3 of Article V of the current General Appropriation Act may be transferred into the State Law Library fund, because such deductions and matching contributions constitute a cost of maintaining, operating and keeping up to date the State Law Library.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm Quick
James Quick
Bob Lemens
Marietta Payne

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant